### HOUSEWORTH'S ADMINISTRATOR *vs.* HENDRICKSON.

1. A *ne exeat* obtained upon affidavits substantiating declarations and acts of the defendant as evidence of his intention to depart the state, will not be discharged upon a counter affidavit by the defendant denying the intention.

2. When, to a bill filed by an administrator against his intestate's co-partner for an account, and for a writ of *ne exeat*, the answer, denying the right to an account, substantially admits the correctness of the allegations of the bill as to defendant's statement of the assets of the firm, and the amount of its indebtedness, but denies that the estimates were correct, and that defendant owes anything to the estate of the intestate—such denial cannot avail to discharge the writ.

3. Writ to be discharged, and the bond given under it canceled, on the defendant's giving bond, with security, in the sum for which bail was ordered.

---

On motion to discharge *ne exeat,* on bill and answer and affidavits to each annexed.

*Mr. William Luse,* for motion.

*Mr. J. G. Shipman, contra.*

THE CHANCELLOR.

The bill is filed by an administrator against the co-partner of the intestate. It prays an account and a decree thereupon in favor of the complainant. It prays also for a writ of *ne exeat,* on the ground that the defendant intends quickly to leave this state, and go to Middletown, in the State of New York, to join his son, whom, as the bill alleges, he has set up in business there. The bill states that the death of the intestate took place on the 20th of February, 1873, and that seven days afterwards, his widow and Mr. James Purnell Toadvin were appointed administrators; that they made an inventory and caused an appraisement to be made of the goods, chattels, and credits of the intestate, on the 4th of March following, and that on that occasion the defendant made a statement that the available assets of the late firm of P. M. Hendrickson & Co., (which was composed of himself and the intestate), in his hands, as surviving partner, amounted to $3150.64, and that the debts of the firm amounted to $1004.88, leaving a balance of $2145.76. It further states that the administrators, with the consent and approval of the defendant, caused the amount due to the estate from the defendant, for its share of that balance, to be appraised at $1000, and charged themselves in the inventory filed by them in the surrogate's office of Warren county, with that amount accordingly.

The above-mentioned administrators were removed on the 6th of March, 1875, and the complainant was appointed in

their stead. The allegations of the bill, as to the statement made by the defendant and the action of the administrators thereupon, are sustained by the affidavit of Mr. Toadvin, attached to the bill. The allegation that the defendant intends quickly to depart out of the state, is supported by the affidavit of John V. Deshong, who swears that, on the 26th of August, 1875, four days before the filing of the bill, the defendant told him that he was going to Middletown, in New York, on that day; and that some time before that time, the defendant informed him that he intended to move his family to that place, in the fall of 1875, and that his son Charles was in business there.

Deshong further swears that the defendant told him that he was going to Middletown because there was no business in Belvidere, and that on one occasion the defendant spoke of the business in Middletown as his own. The statements of this affidavit, as to the intention of the defendant to leave the state, are not denied. It is true, the defendant states, in his answer, that he never intended to remove to Middletown. If, for the purposes of such a motion as this, the general affidavit that the facts, matters, and things contained in the answer, so far as they relate to the acts and deeds of the defendant, are true, were accepted (as it manifestly cannot be) as a verification of the statement as to the defendant's *intentions,* contained in the answer, that statement could not countervail the facts sworn to by Deshong. The court will not discharge a *ne exeat* obtained upon affidavits substantiating declarations and acts of the defendant, as evidence of his intention to go abroad, upon a counter affidavit by the defendant, denying the intention. *Whitehouse* v. *Partridge,* 3 *Swanst.* 365, 375; *Amsinck* v. *Barklay,* 8 *Ves.* 594, 597. The complainant has sought relief in the proper forum, and the debt was sufficiently established by the bill and affidavits annexed, to authorize the award of the writ. The defendant alleges, in his answer, that the widow and daughter, the only next of kin of the intestate, a few days after the death of the latter, took the place of the intestate in the business, under an agreement

between them and the defendant, and that the business was, with the acquiescence of Mr. Toadvin in this appropriation by the widow and daughter, of the intestate's interest in the assets, continued in the same firm name of P. M. Hendrick-son & Co., and that subsequently the individual creditors of the defendant and those of the original firm, pressed him for payment of their demands, and the result was, that the defendant placed the books of the original firm in the hands of the attorney of the creditors, on an agreement that they were to collect the accounts, and to apply the proceeds to the payment of the debts, as well those of the defendant, individually, as of the original firm, and the stock of goods was sold out under executions, at a great sacrifice. The answer states that there has been no settlement between the members of the new firm. The defendant comes to no account with the complainant, but denies his right to an account. While substantially admitting the correctness of the allegations of the bill, as to the statement of the value of the assets of the original firm and the amount of its indebtedness, the defendant denies that the estimates were correct, and he also denies that he owes anything to the estate of the intestate. Such a denial, under such circumstances, cannot avail to discharge the writ. *Jones* v. *Alephsin*, 16 *Ves.* 471. Nor does it appear otherwise by the answer, that the defendant is not indebted to the estate. The motion will be denied. The writ will be discharged, however, and the bond given under it canceled, on the defendant's giving bond, with security, in the sum for which bail was ordered, conditioned to abide the decree of the court.